**NAPH–SOL REFINING COMPANY,**
Plaintiff,

v.

**UNITED STATES** of America, Interstate
Commerce Commission, Defendants,

Marathon Pipe Line Company, Intervener.

Civ. A. No. 5589.

United States District Court
W. D. Michigan, S. D.

May 26, 1967.

Wrape & Hernly and Harold G. Hernly,
Washington, D. C., Poppen, Street & Sor-

ensen and Harold M. Street, Muskegon, Mich., for plaintiff.

Harold D. Beaton, U. S. Atty., Grand Rapids, Mich., Robert W. Ginnane, Gen. Counsel, and John E. Faulk, Atty., I.C.C., Washington, D. C., for defendants.

Warner, Norcross & Judd and Leonard D. Verdier, Jr., Grand Rapids, Mich., Donald W. Markham, Washington, D. C., Joseph F. Diver and R. Joseph Opperman, Findlay, Ohio, for intervener.

Before McCREE, Circuit Judge, KENT, Chief Judge, and ROTH, District Judge.

KENT, Chief Judge.

This is an action on the part of the plaintiff under Title 28 U.S.C. § 2321 et seq. to set aside and enjoin an order of the Interstate Commerce Commission, Division 2, which provides in part:

"That the suspended schedules provide for the application of a basis of rates which does not exceed the level of maximum reasonableness, and which is not otherwise unlawful; * * *."

The plaintiff, Naph-Sol Refining Company, is a small independent oil company. Under the applicable rate prevailing before December 1, 1966 Naph-Sol paid 48 cents per barrel for West Texas crude oil delivered in Muskegon, 17 cents per barrel of this rate was for use of the Griffith-Muskegon line owned by the intervening defendant, Marathon Pipe Line Company. The Griffith-Muskegon pipeline was purchased by Marathon in 1959. At approximately the same time the parent company of the intervening defendant, Marathon Oil Company, acquired Aurora Gasoline Company, the only other user of the Griffith-Muskegon pipeline upon which Naph-Sol depends for its crude oil.

Prior to December 1, 1966 Marathon Oil Company terminated operation of the Aurora Gasoline Company thereby depriving the Marathon Pipe Line Company of approximately 60% of the traffic previously moving through the Griffith-Muskegon pipeline. On December 1, 1966 Marathon Pipe Line Company filed a schedule of tariffs with the Inter-

state Commerce Commission proposing to increase the rate for use of the Griffith-Muskegon line to 35 cents per barrel. On December 20, 1966 Naph-Sol Refining Company filed a protest and a petition for suspension of the tariff pursuant to Title 49, U.S.C.A. § 15(7). On December 28, 1966 the Board of Suspension of the Interstate Commerce Commission ordered a suspension of the proposed schedule of tariffs for the statutory period of seven months and ordered an investigation of the rates. The Board of Suspension is composed of five employees of the Interstate Commerce Commission. On January 6, 1967 Marathon Pipe Line Company filed a petition requesting reconsideration and vacation of the December 28, 1966 order. On January 27, 1967, the Interstate Commerce Commission, Division 2 (composed of three Commissioners of the Interstate Commerce Commission), acting as an appellate division, ordered the suspension vacated and the investigation discontinued. The relevant portion of the order of January 27, 1967 provides:

"* * * the suspended schedules provide for the application of a basis of rates which does not exceed the level of maximum reasonableness, and which is not otherwise unlawful; therefore,

"It is ordered, That the said order of December 28, 1966, be, and it is hereby, vacated and set aside and the proceeding discontinued as of February 26, 1967."

After a subsequent petition by Naph-Sol for reconsideration and vacation of the order of January 27, 1967 the Interstate Commerce Commission, Division 2 entered an order dated March 15, 1967 which modified the order of January 27, 1967, making it effective forthwith. The increased rate thus went into effect and is in effect now.

Naph-Sol filed this proceeding to enjoin the action of the Interstate Commerce Commission, Division 2 and to require suspension of the proposed tariffs and investigation of the rate schedule in accordance with the order of the Board

of Suspension entered on December 28, 1966. Any prayer by Naph-Sol that this Court declare the proposed tariff unreasonable and unlawful has been abandoned since the complaint was filed. The defendants, United States and Interstate Commerce Commission filed a motion to dismiss. Thereafter the intervening defendant filed a petition to intervene to which the other parties consented and an order was entered accordingly.

In accordance with statute, Title 28, U.S.C.A. § 2325, a Three-Judge Court was designated to hear the case by Chief Judge Paul C. Weick, Court of Appeals for the Sixth Circuit.

Plaintiff relies on Amarillo-Borger Express, Inc. v. United States (D.C., N.D.Tex.1956), 138 F.Supp. 411, Judgment Vacated as moot 1957, 352 U.S. 1028, 77 S.Ct. 594, 1 L.Ed.2d 598; together with Long Island Railroad Co. v. United States (D.C., E.D.N.Y.1956), 140 F.Supp. 823; Dixie Carriers, Inc. v. United States (D.C., S.D.Tex.1956), 143 F.Supp. 844, and Atlantic Coast Line Railway Co. v. United States (D.C., E.D. Va.1958), 173 F.Supp. 871. To the contrary are Long Island Railroad Co. v. United States (E.D., N.Y.1961), 193 F. Supp. 795, and Freeport Sulphur Co. v. United States (S.D., N.Y.1961), 199 F. Supp. 913.

In this case, as in each of the cases cited, the defendants and the intervening defendant contend that this court lacks jurisdiction to review the orders entered by Division 2, pursuant to the provisions of 49 U.S.C. § 15(7), and the appellate order setting aside the original suspension order. Those cases beginning with *Amarillo-Borger* which find jurisdiction to review have been carefully analysed by Circuit Judge Friendly in the second Long Island Railroad Company v. United States, supra, and by Circuit Judge Swan in the *Freeport Sulphur case*, supra.

■ This Court declines to follow the line of cases which are in accord with *Amarillo-Borger*, and at the time agrees with Judge Friendly in declining to follow the position advocated by the defen-

dants and the intervening defendant. We accept the language of Circuit Judge Friendly in Long Island Railroad Company v. United States, 193 F.Supp. 795, 799:

> "Still we are not willing to say that under no circumstances may a court have jurisdiction over a suit to enjoin a suspension order. * * * we think a suit to enjoin such an order for lack of power may be entertained if, but only if, the complaint shows that the suspension is plainly without statutory authority or violates 'a clear statutory command' (citation omitted), and that the complaining party has no other available remedy."

This Court is also of the opinion that upon presentation of a prima facie case of "gross abuse" of discretion on the part of the Commission there would be a power to review. We are satisfied in this case that there was no "gross abuse" of authority, the Commission acted within its statutory authority and did not violate "a clear statutory command."

■ The allegation in plaintiff's complaint that the January 27, 1967 order of Division 2 does not set forth adequate reasons to support the action of the Commission as required by the Administrative Procedure Act, 5 U.S.C.A. § 1007, is construed by this Court as a claim that a clear statutory command has been violated. The Court is satisfied that the Administrative Procedure Act, Title 5, U.S.C.A. § 1007, does not require the Commission to hold a hearing or set forth detailed reasons for its refusal to suspend the proposed tariffs and initiate an investigation whether such action is that of the Suspension Board or of Division 2 on appeal. Freeport Sulphur Co. v. United States, supra.

■ It is this Court's conclusion that Title 49, U.S.C.A. § 15(7) contemplates a summary action by the Commission after summary hearing. It appears to the satisfaction of this Court that the Interstate Commerce Commis-

sion, Division 2, has before it sufficient information, in the nature of briefs, financial statements and affidavits, to justify the action taken in the orders of January 27, 1967 and March 15, 1967. The reasons set forth in the order of January 27, 1967 for the action of the Commission are sufficient. The plaintiff is not without available remedy and should be left to the remedies provided by Title 49, U.S.C.A. § 13 et seq.

For the reasons herein stated the prayer for relief by the plaintiff is denied, the motion by the defendants to dismiss the action is granted. Defendant and intervening defendant will present an appropriate order.